**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATENT HOLDER IDENTIFIED IN EXHIBIT 1,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 21 C 514** |
| **DOES 1-254, AS IDENTIFIED IN EXHIBIT 2,** | ) ) ) | |
| **Defendants.** | ) ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, the holder of a patent, seeks to file under seal a

complaint against 254 alleged infringers of the patent. The plaintiff also asks to keep its

name concealed pending issuance and service of the temporary restraining order that it

has moved the Court to enter. There are two threshold issues that must be cleared up

before the Court can allow the plaintiff to conceal its name and before the Court can

consider the proposed TRO.

It has become commonplace in this district for holders of trademark and trade

dress rights to file suits naming dozens or even hundreds of claimed infringers and

counterfeiters, alleging that they are selling knock-off products via the Internet. The

plaintiffs seek an injunction and recovery of damages. In these lawsuits, the actual

identities and locations of the sellers are unknown to the trademark holder because they

have used assumed names. The lawsuits are typically filed against a group of sellers

whose assumed names are listed on an attachment to the complaint, usually called "Schedule A."

In these lawsuits, the plaintiff typically requests permission to file "Schedule A" and other information that would identify the sellers under seal, to avoid tipping off the defendants that a lawsuit has been filed. Public identification of the defendants, the plaintiff contends, would lead them to hide or transfer ill-gotten gains and destroy relevant evidence.

Once the lawsuit is filed, the plaintiff typically moves *ex parte* for entry of a temporary restraining order that, among other things, bars further infringing sales and freezes any assets held in the defendants' PayPal or similar accounts. The plaintiff also typically moves for permission to serve the defendants with summons via e-mail, as their addresses are unknown and often hidden, and they are typically based overseas.

Once the court enters a TRO, the plaintiff serves it along with the complaint on the defendants via e-mail; serves PayPal and other similar entities with the TRO to freeze the defendants' assets; and takes other steps to effectuate the TRO's terms. Due to the limited duration of a TRO, the plaintiff then seeks entry of a preliminary injunction with similar terms that will carry through to the conclusion of the case. Most cases of this type are concluded relatively quickly, after the plaintiff negotiates settlements with the defendants who make contact with the plaintiff's attorney and obtains default judgments against those who do not respond.

The present case is similar, but there are two differences from the usual suit. The first is that the plaintiff seeks to conceal even its own name; it asks to file the case, effectively, as a "Doe" plaintiff pending issuance and service of the hoped-for temporary

2

restraining order.  In support of this request, the plaintiff has filed a one-page motion

that includes only the following by way of justification:

> If Defendants were to learn of these proceedings prematurely, the likely
> result would be the destruction of relevant documentary evidence and the
> hiding or transferring of assets to foreign jurisdictions, which would
> frustrate the purpose of the underlying law and would interfere with this
> Court's power to grant relief.
>
> We know it is likely Defendants will impede justice because Defendants
> participate in or operate a website, sellerdefense.cn, that monitors this
> District's PACER filings and screens for Plaintiff counsel's filings as well
> as all Trademark and Patent filings throughout the District. Without sealing
> these filings, Plaintiffs will have their remedies thwarted.

The first sentence isn't a justification; it's a conclusion.  The only justification is the

second sentence, which says that the defendants participate in a website that monitors

filings in this district.  That might be part of a justification, but instead plaintiff asks the

Court to make the inferential leap—worthy of Bob Beamon in the 1968 Olympics—that if

it becomes known that the plaintiff has filed a lawsuit against *someone*, the defendants

will all hide their assets.  The Court is unwilling to draw this inference without some

supporting evidence and argument.  For this reason, the motion to seal is denied—to

the extent it asks to conceal the plaintiff's identity—without prejudice to filing a new

motion by February 10, 2021.

The second difference between this case and the usual "Schedule A" case is that

the present case is a patent infringement suit, not a trademark infringement suit.  The

plaintiff alleges that each of the "Schedule A" defendants (actually, in this case, they are

the "Exhibit 2" defendants) is selling products that infringe a patent issued to the

plaintiff.  The infringement allegations in the complaint itself are relatively conclusory;

they include no information about how the claimed infringing products are alleged to

3

infringe the design patent. And none of the allegations in the complaint says anything specific about any defendant; all of the defendants are lumped together.

Without addressing at this point the sufficiency of the complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) as to each of the two hundred fifty-four defendants, there is a threshold problem with this particular case that does not exist in the typical "Schedule A" trademark/trade dress case. Specifically, the joinder of all the defendants in a single suit appears to run afoul of a provision of the America Invents Act, adopted in 2013. Before the AIA, it was common for patent holders to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this. Under 35 U.S.C. § 299, parties that are accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," *id.* § 299(a)(1), and only if there are questions of fact common to all defendants that will arise. *Id.* § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).

In this case, it is questionable whether the plaintiff can clear all of the hurdles imposed by section 299. It alleges that that the defendants all sold infringing products, but that is not enough in light of section 299(b). The plaintiff also alleges that "some" of the defendants use "identical or equivalent language" to sell the products and use images taken from the plaintiff's website; that there are unspecified "similarities and

4

indicia of being related to one another" among the defendants; and that they offer the product at similar prices. *See* Compl. ¶¶ 31-33. But it would not be particularly surprising for multiple sellers to attempt to match other sellers' prices, and it would not be at all surprising for counterfeiters of a product to copy images from the legitimate seller's site or even from other counterfeiters' sites. The plaintiff also alleges that the defendants tend to post information to a "seller defense" website, but parallel action does not amount to action in concert. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (an allegation of parallel conduct, without more, does not suffice as a plausible allegation of joint conduct). The Court questions whether these allegations are sufficient to satisfy the "same transaction, occurrence, or series of transactions or occurrences" requirement of section 299(a)(1), given Congress's express determination in section 299(b) that an allegation of infringement by multiple entities is not enough to allow joining all of them in one lawsuit. In addition, the plaintiff does not allege or explain how questions of fact common to all of the defendants will arise in the case, as required by section 299(a)(2).

Finally, the plaintiff does not allege that the defendants are selling *the same* accused product. This is a separate requirement of section 299(a)(1) that the plaintiff does not appear to satisfy or even address, even if it could legitimately contend that the defendants' conduct was part of the same series of transactions or occurrences and that fact questions common to all defendants will arise.

The Court notes that section 299(c) provides that an accused infringer may waive the statute's limitations as applied to itself. But the Court is not inclined to allow a lawsuit that appears on its face to run afoul of a Congressional enactment to proceed on

the possibility that the defendants may eventually waive the statute's protections. Such an approach does not seem to the Court to be appropriate here, particularly given the manner in which lawsuits of this type typically proceed, with under-seal filing, *ex parte* temporary restraining orders, asset freezes, and the like.

The Court also notes that in a case like this one, the benefit to the plaintiff of naming multiple defendants in a single case is quite significant. Specifically, by suing 254 defendants in a single suit rather than 254 separate ones, the plaintiff will save, in one fell swoop, over $100,000 in filing fees.

For these reasons, plaintiff is ordered to show cause in writing by February 10, 2021 why the case should not be dismissed under 35 U.S.C. § 299.

## Conclusion

For the reasons described above, plaintiff's motion to seal [8] is denied to the extent it asks to conceal the plaintiff's identity, without prejudice to filing a new motion by February 10, 2021. In addition, plaintiff is ordered to show cause in writing by February 10, 2021 why the case should not be dismissed under 35 U.S.C. § 299.

Date: February 6, 2021

_____
MATTHEW F. KENNELLY
United States District Judge